# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 24, 2012

## JAMES WESLEY OSBORNE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court of Jefferson County**
**No. 21,857      O. Duane Slone, Judge**

**No. E2010-01548-CCA-R3-PC - Filed March 20, 2012**

James Wesley Osborne ("the Petitioner") filed a "petition for delayed post-conviction relief" on August 12, 2008, regarding his October 1999 conviction of first degree murder. A hearing was held to determine if the Petitioner was entitled to have the applicable statute of limitations tolled. The post-conviction court determined that he was not and dismissed the petition as untimely. This appeal followed. Upon our careful review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

S. Joanne Sheldon, Newport, Tennessee, for the appellant, James Wesley Osborne.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith DeVault, Senior Counsel; James Bruce Dunn, District Attorney General; Charles L. Murphy, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The single issue before us is whether the Petitioner is entitled to have the post-conviction one-year statute of limitations tolled on due process grounds. A brief chronology will assist in our analysis.

A jury found the Petitioner guilty of one count of first degree murder in October 1999, and he was sentenced to life imprisonment. The Petitioner was represented by the public

defender's office ("Trial Counsel") during his trial proceedings. After his motion for new trial was denied, the Petitioner, still represented by Trial Counsel, perfected his appeal to this Court. On June 14, 2001, this Court filed its opinion affirming the trial court's judgment. See State v. James Wesley Osborne, No. E1999-01071-CCA-R3-CD, 2001 WL 667726, at *1 (Tenn. Crim. App. June 14, 2001). On November 5, 2001, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. See id. On November 7, 2001, Trial Counsel wrote a letter to the Petitioner informing him of the Tennessee Supreme Court's decision to deny the application to appeal. The letter concludes, "At this point, there is nothing else our office can do to represent you on this matter. Therefore I am closing our office's file on your case. I am sorry that the results were not more favorable for you. Should you have any questions, feel free to write me at the above address." The letter contains no reference to, or information about, the possibility of a post-conviction claim for relief.

By letter dated June 26, 2007, the Petitioner wrote to Trial Counsel asserting that he had "[r]ecently . . . been made aware that [he] had the right to continue to challenge [his] convictions [sic] beyond the appeal" already taken. The Petitioner requested trial transcripts, discovery, and copies of the jury instructions and pretrial motions to assist him in his pursuit of relief. The Petitioner stated that he intended "to pursue a delayed appeal to the T[ennessee] Supreme Court and then to file a [p]ost conviction petition." In response to this letter, Trial Counsel sent the materials requested to the Petitioner under cover of a letter dated July 9, 2007.

On August 12, 2008, over a year later, the Petitioner filed a "petition for delayed post-conviction relief" in which he alleged that Trial Counsel "failed to notify [him] of his right to file a timely Post-Conviction after Petitioner's Rule 11 application before the Tennessee Supreme court was denied, therein time-barring Petitioner from now filing a timely Post Conviction." The Petitioner contended that "trial counsel's failure to timely notify him of his right to file a post conviction was to his detriment and was clearly ineffective assistance of counsel" and sought "permission to file and submit a full and extensive pro-se Petition for Post Conviction Relief."

By written order filed on October 6, 2008, the post-conviction court summarily dismissed the petition as barred by the statute of limitations.

On November 6, 2008, the Petitioner filed a "writ of error coram nobis" alleging, in essence, that due process considerations should toll the post-conviction statute of limitations and asking for an evidentiary hearing "to determine the legal merits of [his] request for Delayed Post Conviction." The Petitioner also sought the appointment of counsel, which was apparently granted, although no order is contained in the record before us. On March 29, 2010, the Petitioner filed, through counsel, a "motion to reconsider denial of petition for

delayed post-conviction relief" in which he again asserted that due process considerations should toll the one-year post-conviction statute of limitations and that an evidentiary hearing was necessary. The court granted the Petitioner's motion to the extent of holding an evidentiary hearing on April 29, 2010, during which the above-referenced letters were admitted as exhibits. The Petitioner was represented by counsel during the hearing.

At the hearing, the Petitioner testified and admitted that he had received the letter from Trial Counsel dated November 7, 2001. He did not file a petition for post-conviction relief until years later because he "didn't know [he] had the right to file." He explained that he learned about his right to file for post-conviction relief in 2008 from "the legal clerk at Turney Center." He acknowledged, however, that he referred to his right to file a post-conviction petition in his June 26, 2007, letter to Trial Counsel. He also admitted that he received the July 9, 2007, letter from Trial Counsel and the enclosed materials.

The Petitioner testified that he did not know that he had to file the petition within one year. He also stated that the legal clerk prepared the petition for him. When asked why it took over a year from the time he learned about his right to file for post-conviction relief to the time he filed his petition, he stated, "I'm on Prozac and Risperdal and I don't think too good." He clarified that he had been taking these medications for ten years.

The post-conviction court denied relief on the basis that "there is not a due process deprivation which would toll the one (1) year statute of limitation in this matter based upon the Petitioner's testimony." The court also noted that the Petitioner did not file his initial post-conviction pleading until more than a year had passed after he notified Trial Counsel that he intended to seek post-conviction relief. This appeal followed.

## Analysis

### Standard of Review

"'Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness.'" Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting Harris v. State, 301 S.W.3d 141, 145 (Tenn. 2010)).

### Due Process Tolling

We begin our analysis with the statutory language at issue:

(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief

under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . under this chapter shall be extinguished upon the expiration of the limitations period.

(b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102 (2006). The one-year limitations period in this matter expired in 2002. The Petitioner makes no claim that any of the statutory exceptions to the one-year limitations period apply to his case.

The Petitioner is nevertheless correct that our supreme court has "recognized a due process exception to the post-conviction statute of limitations." Smith, 357 S.W.3d at 355 (citing Burford v. State, 845 S.W.2d 204 (Tenn. 1992)). Examples of due process concerns which may require tolling the one-year statute of limitations include the petitioner's mental

-4-

incompetence during the limitations period, <u>see</u>  <u>Seals v. State</u>, 23 S.W.3d 272, 279 (Tenn. 2000), and the withholding of exculpatory evidence by the prosecution during the limitations period, <u>see</u> <u>Sample v. State</u>, 82 S.W.3d 267, 272-76 (Tenn. 2002).  An attorney's active misrepresentations to his client about the status of his or her case may also require tolling on due process grounds.  <u>See</u> <u>Williams v. State</u>, 44 S.W.3d 464, 471 (Tenn. 2001).

Our supreme court has emphasized, however, that "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations."  <u>Smith</u>, 357 S.W.3d at 358.  Thus, if an attorney's misconduct misleads the petitioner into believing that the attorney is seeking post-trial relief on the petitioner's behalf and the petitioner thereby misses the post-conviction filing deadline, due process tolling of the statute of limitations may be appropriate.  <u>See</u> <u>Williams</u>, 44 S.W.3d at 471.  However, and significantly for the instant case, our high court also declared in <u>Smith</u> that an attorney's "[n]egligence, as opposed to deception or misconduct, would not be sufficient to toll the statute."  <u>Smith</u>, 357 S.W.3d at 358.

The record in this case demonstrates, at most, that Trial Counsel was negligent in failing to inform the Petitioner of his right to file a petition for post-conviction relief and the period of time in which he had to file it.  This is not a sufficient basis on which to toll the one-year statute of limitations on due process grounds.  <u>Id.</u>  Additionally, although we acknowledge that the Petitioner testified to having been medicated during the limitations period, he has not adduced sufficient proof to demonstrate that he was thereby rendered mentally incompetent.  <u>See</u> <u>State v. Nix</u>, 40 S.W.3d 459, 463 (Tenn. 2001) (holding that "due process requires tolling of the post-conviction statute of limitations [on grounds of mental incompetence] only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities").  Accordingly, we affirm the judgment of the post-conviction court dismissing the Petitioner's claim for post-conviction relief as untimely.

## **Conclusion**

For the foregoing reasons, the Petitioner has failed to establish that he is entitled to have the post-conviction one-year statute of limitations period tolled on due process grounds. Therefore, we affirm the judgment of the post-conviction court denying relief.


_____
JEFFREY S. BIVINS, JUDGE